IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ROBERT A. LITTLEJOHN,<br><br>    Petitioner,<br><br>vs.<br><br>WARDEN HAROLD MAY,<br><br>    Respondent. | CASE NO. 1:20-cv-2007<br><br>DISTRICT JUDGE<br>JEFFREY J. HELMICK<br><br>MAGISTRATE JUDGE<br>JAMES E. GRIMES JR.<br><br>**REPORT &<br>RECOMMENDATION** |

Petitioner Robert Littlejohn filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. Doc. 1. Littlejohn is in custody at the Toledo Correctional Institution due to a journal entry of sentence in the case *State v. Littlejohn*, Cuyahoga County Court of Common Pleas, Case No. CR-16-611347-A. This matter has been referred to a Magistrate Judge under Local Rule 72.2 for the preparation of a Report and Recommendation. For the following reasons, I recommend that the Petition be dismissed.

**Summary of facts**

In habeas corpus proceedings brought by a person under 28 U.S.C. § 2254, factual determinations made by state courts are presumed correct. 28 U.S.C. § 2254(e)(1). The petitioner has the burden of rebutting that presumption by clear and convincing evidence. *Franklin v. Bradshaw*, 695 F.3d 439, 447 (6th Cir. 2012).

The Ohio Court of Appeals for the Eighth Appellate District summarized the facts underlying Littlejohn's conviction as follows:

> {¶2} On November 15, 2016, appellant was charged under a complicity theory with one count of aggravated burglary with one- and three-year firearm specifications, seven counts of felonious assault with one- and three-year firearm specifications, and one count of having weapons while under disability. A codefendant, Rosario D. Robinson, was charged in the indictment as the principal offender. Although the indictment originally identified one victim, the trial court permitted the state to amend the indictment to reflect the names of six victims in the case. The counts otherwise remained the same. The case proceeded to a bench trial on June 5, 2017.
>
> {¶3} The charges arose from an incident that occurred on November 2, 2016. Testimony at trial revealed that appellant drove Robinson and another unidentified male, known only as "Brick," to a residence in Bedford, Ohio. The victims' testimony reflected that three men entered the residence together and went into a bedroom where the victims were sitting. Appellant took "a wad" of money out of his pocket to pay for marijuana, and soon thereafter Robinson began firing multiple shots into the bedroom. Several of the victims identified Littlejohn as the second person to enter the room and the person who had the cash. They identified Robinson as the third person to enter the room, and described him as having dreadlocks and indicated he had a gun and shot multiple bullets into the room. There was some testimony to suggest that Brick also may have had a gun.
>
> {¶4} One of the victims who had been shot had a gun and returned fire. Appellant and Robinson were both shot. Appellant, Robinson, and Brick then left the house together, with Brick driving the two others to the hospital. Appellant directed Brick to take the vehicle to his place of work. Appellant lied to detectives about how and where he was shot, and he changed his story several times.
>
> {¶5} Appellant testified that he was taking the other two men to a house they directed him to because they wanted to buy drugs, that they wanted to borrow $40 from him to buy marijuana, and that he did not see a gun on anyone with him. Appellant claimed that there was a fourth person who came to the door behind Robinson and pointed a gun at Robinson's face and shot Robinson. He stated multiple shots were fired and that he was shot on his way out of the room. Appellant maintained that he and Robinson were victims.

{¶6} Robinson also testified that a fourth person came to the door and pointed a gun at his face. He claimed that he grabbed the man's arm and was shot in the face. Robinson denied having a gun on his person and claimed that he was just there to buy marijuana.

{¶7} The trial court granted appellants Crim.R. 29 motion for acquittal on Count 9 for having a weapon while under disability. The motion was denied as to the other counts. The trial court found appellant guilty of Counts 1–8, and guilty of the firearm specifications attached to every count. Following merger of offenses, the trial court sentenced appellant to an aggregate prison term of 11 years.[1] Additionally, the court ordered a one-year prison term in Cuyahoga C.P. Nos. CR–15–596038–A, CR–15–596012–A, and CR–15–595441–A to be served consecutively to the 11–year term imposed in this case, for a total prison term of 12 years. The trial court also imposed fines and costs, and informed appellant of postrelease control.

> [FN1] We note that the court found that Count 1, the aggravated burglary offense, merged with Counts 2 through 8, the felonious assault offenses, and the state elected to proceed with sentencing on Counts 2 through 8. The parties stipulated to merger of Counts 2 and 3, and the state elected to proceed under Count 2. Because of the merger, any claimed error with regard to Counts 1 or 3 would be harmless error. *State v. Worley*, 8th Dist. Cuyahoga No. 103105, 2016–Ohio–2722, ¶ 23, citing *State v. Powell*, 49 Ohio St.3d 255, 263, 552 N.E.2d 191 (1990).

*State v. Littlejohn*, No. 106033, 2018 WL 2149941, at *1 (Ohio Ct. App. May 10, 2018).

**Procedural background**

1.  *Trial court proceedings*

In November 2016, a Cuyahoga County Grand Jury indicted Littlejohn on one count of aggravated burglary with firearm specifications, 7 counts of felonious assault with firearm specifications, and one count of having a weapon

3

while under a disability. Doc. 6-1, at 4–8 (Exhibit 1). Littlejohn was appointed counsel and pleaded not guilty. *Id.* at 10 (Exhibit 2).

Littlejohn filed a motion for a bill of particulars. Doc. 6-1, at 11 (Exhibit 3). The state filed a discovery response and bill of particulars. *Id.* at 14 (Exhibit 4). At a pretrial hearing, the state made an oral motion to amend the indictment to include the victims' names on five of the felonious assault counts. *Id.* at 25 (Exhibit 5); Doc. 6-2, at 14–16 (transcript). Littlejohn objected to the state's motion, Doc. 6-2, at 16–17, then later withdrew his objection, Doc. 6-1, at 25–26 (Exhibits 5, 6). The trial court granted the state's motion to amend. Doc. 6-1, at 25. Littlejohn executed a jury trial waiver and the case proceeded to a bench trial. *Id.* at 28 (Exhibit 7).

During trial, the court granted Littlejohn's motion for acquittal on the having a weapon while under a disability count and denied the motion as to the remaining counts. Doc. 6-1, at 30 (Exhibit 9). After trial, the court found Littlejohn guilty on the aggravated burglary count, the seven felonious assault counts, and all the firearm specifications. *Id.* at 32 (Exhibit 10).

In July 2017, the court held a sentencing hearing. Doc. 6-1, at 44–45 (Exhibit 12). The court merged the aggravated burglary conviction with the 7 felonious assault convictions; the state elected to proceed to sentencing on the felonious assault convictions; and the parties stipulated that the first two felonious assault convictions merged for sentencing. *Id.* The court sentenced Littlejohn to a total of 11 years in prison. *Id.* And because Littlejohn was on

4

community control when he committed the offences, the court added one year to Littlejohn's sentence from those prior cases. *Id*. The court appointed Littlejohn new counsel for his appeal. *Id*. at 47 (Exhibit 13).

    2.    *Direct appeal*

In July 2017, Littlejohn, through new counsel, appealed to the Ohio court of appeals. Doc. 6-1, at 48 (Exhibit 14). Littlejohn also filed a motion under Ohio Revised Code § 2953.08(C) for leave to appeal his consecutive sentences. *Id*. at 58 (Exhibit 15). The Ohio court of appeals denied Littlejohn's motion as moot "because the offenses listed in [section 2953.08(C)] are not offences that are the subject of this appeal." *Id*. at 69 (Exhibit 16). In his brief, Littlejohn raised the following assignments of error:

> 1. Whether the trial court committed plain error when it denied the defendant-appellant, Mr. Robert A. Littlejohn's Rule 29 Motion to Dismiss and/or Motion for Acquittal on Counts 1-8.
>
> 2. Whether the appellant's defense counsel … provided ineffective assistance of counsel to Mr. Littlejohn when he failed to renew his objection to the Government's oral amendment under Crim.R. 7(D), which increased the concurrent penalties on each count for felonious assault, without insisting the Government return to the Grand Jury for a superseding indictment?

*Id*. at 72 (Exhibit 17). The state filed a response and Littlejohn filed a reply. *Id*. at 111–139 (Exhibits 18, 19). In May 2018, the Ohio court of appeals affirmed Littlejohn's convictions and sentence. *Id*. at 141(Exhibit 20); *State v. Littlejohn*, No. 106033, 2018 WL 2149941 (Ohio Ct. App. May 10, 2018).

Littlejohn did not appeal.

### 3. *Motion for judicial relief*

In April 2020, Littlejohn, through his current habeas counsel, filed an "Emergency Motion for Judicial Release" in the trial court, requesting release because of the Covid-19 pandemic. Doc. 6-1, at 153 (Exhibit 21). In June, the trial court denied Littlejohn's motion. *Id.* at 168 (Exhibit 23).

Littlejohn's Motion was reviewed by the Cuyahoga County Re-Entry Court, and in August 2020 that court found that Littlejohn was ineligible for participation in re-entry court due to "the number of prior prison terms." Doc. 6-1, at 169 (Exhibit 24).

### 4. *Federal habeas corpus petition*

In September 2020, Littlejohn, through counsel, filed a federal habeas corpus petition under 28 U.S.C. § 2254. Doc. 1. He raised the following grounds for relief:[1]

> **Ground 1**: The Petitioner's right to due process was violated because his conviction was based on insufficient evidence relative to the firearm specification allegations and he was improperly sentenced on the firearm specification enhancements.
>
> **Ground 2**: The evidence was constitutionally insufficient to sustain the Petitioner's conviction for the underlying, base offenses and/or the gun specifications that accompanied each underlying, base charge/count.
>
> **Ground 3**: The state trial court's imposition of multiple consecutive sentences in connection with his convictions of various firearm

---

[1] Littlejohn did not label his grounds for relief. The Warden itemized the 4 grounds for relief he believes Littlejohn raised. Doc. 6, at 8. Littlejohn does not dispute the Warden's characterization of his grounds. I adopt those grounds here. Littlejohn has waived an argument that his grounds are anything other than what is reproduced above.

specifications violates the double jeopardy and the due process clauses of the Fifth and Fourteenth Amendments.

**Ground 4**: The Petitioner was denied effective assistance of appointed counsel in his direct appeal and failure to proceed to the Ohio Supreme Court as guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and Article I, §§ 10 and 16 of the Ohio Constitution.

Doc. 1, at 15, 21, 22, 25. The Warden filed a Return of Writ, Doc. 6, Littlejohn filed a Traverse, Doc. 7, and the Warden filed a Reply, Doc. 8.

**Law and Analysis**

*1.  Littlejohn's Petition is time-barred and he is not entitled to tolling principles to excuse the time bar*

The Warden argues that Littlejohn's petition is barred by the statute of limitations and that Littlejohn is not entitled to tolling principles to excuse the time bar. Doc. 6, at 8–17.

*1.1  Littlejohn's Petition is time-barred*

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104–132, 110 Stat. 1214, provides a one-year limitations period in a habeas action brought by a person in custody from a state court judgment. Under 28 U.S.C. § 2244(d)(1), the limitation period runs from the latest of—

(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized

7

by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Under § 2241(d)(1)(A), Littlejohn's conviction became final on June 25, 2018. This is so because the Ohio court of appeals affirmed Littlejohn's convictions and sentence on May 10, 2018, and Littlejohn had 45 days—until June 25, 2018—to appeal to the Ohio Supreme Court. *See* Ohio S.Ct.Prac.R. 7.01. But Littlejohn did not appeal. So the limitations period began running the day after Littlejohn's appeal was due, June 26, 2018, and expired one year later, on June 26, 2019. *See Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir. 2000) (the statute of limitations begins running the day after the event or default). Littlejohn filed his habeas petition on September 8, 2020, more than one year too late.

Littlejohn's ineffective assistance of appellate counsel claim became final on August 8, 2018. This is so because ineffective assistance of appellate counsel claims must be raised in an Ohio Appellate Rule 26(B) application to reopen, which is due 90 days after the "journalization of the appellate judgment unless the applicant shows good cause for filing at a later time." Ohio App.R. 26(B)(1); *see Monzo v. Edwards*, 281 F.3d 568, 577 (6th Cir. 2002) (citing *State v. Murnahan*, 584 N.E.2d 1204 (1992)). Littlejohn did not file a Rule 26(B) application. The Ohio court of appeals affirmed Littlejohn's convictions and

8

sentence on May 10, 2018, and 90 days later is August 8, 2018. The limitations period started running the next day, and expired one year later, on August 9, 2019. So under either calculation, Littlejohn's Petition was filed more than one year too late.

Littlejohn argues that 28 U.S.C. § 2244(d)(1)(D) is the operative section that applies to his case. Doc. 1, at 7–8; Doc. 7, at 15–16. He asserts that he only "recently" discovered the *factual predicate* of his claims—that appellate counsel did not raise "the firearm specifications and consecutive sentences" issues on direct appeal. Doc. 1, at 8; Doc. 7, at 15–16. But Littlejohn should have known what claims appellate counsel raised when counsel filed Littlejohn's appellate brief in October 2017 (Doc. 6-1, at 109), or, at the latest, when the Ohio court of appeals issued its decision on May 10, 2018. Littlejohn doesn't reveal the date he allegedly discovered the *factual predicate* of his claim or explain how he was prevented from discovering it sooner "through the exercise of due diligence." 28 U.S.C. 2244(d)(1)(D); *see DiCenzi v. Rose*, 452 F.3d 465, 471 (6th Cir. 2006) ("the petitioner bears the burden of proving that he exercised due diligence, in order for the statute of limitations to begin running from the date he discovered the factual predicate of his claim, pursuant to 28 U.S.C. § 2244(d)(1)(D)"). Littlejohn did not exercise *due diligence* by waiting more than a year after the Ohio court of appeals affirmed his convictions and sentence to discover what claims he raised on direct appeal. So section

9

2244(d)(1)(D) does not save Littlejohn's petition—Littlejohn's petition is still time-barred.

### 1.2 *Littlejohn is not entitled to tolling principles to excuse the time bar*

The statute of limitations is tolled for any period in which a properly filed petition for post-conviction relief is pending before the state courts. *Jurado v. Burt*, 337 F.3d 638, 640 (6th Cir. 2003) (citing 28 U.S.C. § 2244(d)(2)). The statutory tolling provision does not "'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (citation omitted). Here, using the latest possible date that Littlejohn's statute of limitations period expired—August 9, 2019—Littlejohn is not entitled to statutory tolling. Littlejohn's motion for judicial release, filed in April 2020, does not toll the limitations period because the limitations period had already expired. *Id.* And Littlejohn argued that he was entitled to judicial release due to the Covid-19 pandemic; he was not seeking collateral review of his convictions and sentence. *See Cannon v. Bunting*, No. 5:13-CV- 981, 2014 WL 6687220, at *3 (N.D. Ohio Nov. 26, 2014) (a motion for judicial release doesn't seek collateral review, so it doesn't toll the statute of limitations period in federal habeas cases). So Littlejohn's motion for judicial

10

release does not toll the limitations period even if Littlejohn had filed it before the limitations period expired.

Petitioners may also be entitled to "equitable tolling" when they have been "pursuing [their] rights diligently" and "some extraordinary circumstance" prevented them from timely filing their habeas petition. *Holland v. Florida,* 560 U.S. 631, 649 (2010) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Petitioners bear the burden of "persuading the court" that they are entitled to *equitable tolling. Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). Littlejohn does not persuade me that he is entitled to *equitable tolling*. Littlejohn relies, in part, on the fact that he was incarcerated. Doc. 7, at 16. But "ignorance of the law, even for an incarcerated *pro se* petitioner, 'is not sufficient to warrant equitable tolling.'" *Harvey v. Jones*, 179 F. App'x 294, 299 (6th Cir. 2006) (citing *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004)). Littlejohn complains that appellate counsel was ineffective, Doc. 7, at 16, but he does not explain how appellate counsel's alleged ineffectiveness on direct appeal caused him to file his federal habeas petition more than one year too late. Finally, Littlejohn again claims that he was unaware that appellate counsel didn't raise certain issues on direct appeal. Doc. 7, at 16. But, as explained above, Littlejohn did not exercise diligence in discovering this alleged issue.

Finally, a claim of "actual innocence" may overcome the one-year statute of limitations if the petitioner "demonstrates actual innocence so that by

refusing to consider his petition due to timeliness the court would cause a fundamental miscarriage of justice." *Patterson v. Lafler*, 455 Fed. App'x 606, 609 (6th Cir. 2012) (citing *Murray v Carrier*, 477 U.S. 478, 495–96 (1986)). "A valid claim of actual innocence requires 'new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Id*. (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)). "The evidence must demonstrate factual innocence, not mere legal insufficiency." *Id*. (citing *Bousley v. United States*, 523 U.S. 614, 623 (1998)). The Supreme Court underscored that "the miscarriage of justice exception ... applies to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted the petitioner.'" *McQuiggin v. Perkins*, 569 U.S. 383, 394–95 (2013) (quoting *Schulp*, 513 U.S. at 329). The timing of an *actual innocence* claim can "seriously undermine the credibility" of the claim, if a petitioner presents it after a period of "[u]nexplained delay." *Id*. at 399–400.

In support of his *actual innocence* claim, Littlejohn recites the testimony that was given at trial. Doc. 7, at 18. That testimony is neither "*new* reliable evidence" nor evidence "that was *not* presented at trial." *Schulp*, 513 U.S. at

12

324 (emphasis added). So Littlejohn does not show *actual innocence*, and his Petition remains time-barred.

  *2. Littlejohn's grounds for relief are procedurally defaulted*

Under AEDPA, petitioners must meet certain procedural requirements to have their claims reviewed in federal court. *Smith v. Ohio Dep't of Rehab. & Corr.*, 463 F.3d 426, 430 (6th Cir. 2006). "Procedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim." *Daniels v. United States*, 532 U.S. 374, 381 (2001). Although procedural default is sometimes confused with exhaustion, exhaustion and procedural default are distinct concepts. *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). Failure to exhaust applies when state remedies are "still available at the time of the federal petition." *Id.* (quoting *Engle v. Isaac*, 456 U.S. 107, 125 n.28 (1982)). But when state court remedies are no longer available, procedural default rather than exhaustion applies. *Id.*

  *2.1 Exhaustion*

A federal court may not grant a writ of habeas corpus unless the petitioner has exhausted all available remedies in state court. 28 U.S.C. § 2254(b)(1)(A). A state defendant with federal constitutional claims must fairly present those claims to the state courts before raising them in a federal habeas corpus action. 28 U.S.C. § 2254(b),(c); *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor*, 404 U.S. 270, 275–76 (1971); *see also Fulcher*

13

*v. Motley*, 444 F.3d 791, 798 (6th Cir. 2006) ("Federal courts do not have jurisdiction to consider a claim in a habeas petition that was not 'fairly presented' to the state courts") (quoting *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003)). A constitutional claim for relief must be presented to the state's highest court to satisfy the fair presentation requirement. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845-48 (1999); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). And a habeas petitioner must present both the factual and legal underpinnings of the claims to the state courts. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). This means that the petitioner must present the claims to the state courts as federal constitutional issues and not just as issues arising under state law. *See, e.g., Prather v. Rees*, 822 F.2d 1418, 1421 (6th Cir. 1987); *Franklin v. Rose*, 811 F.2d 322, 325 (6th Cir. 1987).

### 2.2 *Procedural default*

Procedural default may occur in two ways. *Williams*, 460 F.3d at 806. First, a petitioner procedurally defaults a claim by failing "to comply with state procedural rules in presenting [the] claim to the appropriate state court." *Id*. In *Maupin v. Smith*, the Sixth Circuit provided four prongs of analysis to be used when determining whether a claim is barred on habeas corpus review due to a petitioner's failure to comply with a state procedural rule: whether (1) there is a state procedural rule applicable to the petitioner's claim and whether the petitioner failed to comply with that rule; (2) the state court enforced the procedural rule; (3) the state procedural rule is an adequate and independent

state ground on which the state can foreclose review of the federal constitutional claim; and (4) the petitioner can demonstrate cause for failing to follow the rule and actual prejudice by the alleged constitutional error. 785 F.2d 135, 138 (6th Cir. 1986); *see also Williams*, 460 F.3d at 806 ("If, due to the petitioner's failure to comply with the procedural rule, the state court declines to reach the merits of the issue, and the state procedural rule is an independent and adequate grounds for precluding relief, the claim is procedurally defaulted.") (citing *Maupin*, 785 F.2d at 138).

Second, "a petitioner may procedurally default a claim by failing to raise a claim in state court, and pursue that claim through the state's 'ordinary appellate review procedures.'" *Williams*, 460 F.3d at 806 (citing *O'Sullivan*, 526 U.S. at 848). "If, at the time of the federal habeas petition, state law no longer allows the petitioner to raise the claim, the claim is procedurally defaulted." *Id*. While the exhaustion requirement is satisfied because there are no longer any state remedies available to the petitioner, *see Coleman v. Thompson*, 501 U.S. 722, 732 (1991), the petitioner's failure to have the federal claims considered in the state courts constitutes a procedural default of those claims that bars federal court review. *Williams*, 460 F.3d at 806.

To overcome a procedural bar, petitioners must show cause for the default and actual prejudice that resulted from the alleged violation of federal law that forms the basis of their challenge, or that there will be a fundamental

15

miscarriage of justice if the claims are not considered. *Coleman*, 501 U.S. at 750.

Littlejohn did not appeal to the Ohio Supreme Court the Ohio court of appeals' decision affirming his convictions and sentence. He did not file an Ohio Appellate Rule 26(B) application to reopen alleging ineffective assistance of appellate counsel. And he did not file a state post-conviction petition. So all of Littlejohn's grounds for relief are procedurally defaulted because Littlejohn failed to present those claims to the state courts and pursue them through the state's "ordinary appellate review procedures." *Williams*, 460 F.3d at 806 (citing *O'Sullivan*, 526 U.S. at 848).

Littlejohn asserts that his claims are not procedurally defaulted because "Ohio does not provide the Petitioner an adequate remedy to pursue the relief requested herein." Doc. 7, at 20. But the problem isn't that Ohio doesn't provide a remedy for Littlejohn to challenge his convictions and sentence—it's that Littlejohn didn't pursue those remedies.

For cause to excuse his procedural default, Littlejohn alleges that appellate counsel was ineffective. Doc. 7, at 21. But ineffective assistance of appellate counsel can't serve as cause to excuse a procedural default if the ineffective assistance of appellate counsel claim is itself procedurally defaulted. *See Edwards v. Carpenter*, 529 U.S. 446, 453 (2000). Because Littlejohn never filed a Rule 26(B) application and the time to do so has expired, he procedurally defaulted any ineffective assistance of appellate

16

counsel claim. And Littlejohn doesn't show cause to excuse his procedurally defaulted ineffective assistance of appellate counsel claim. *See id*. Also, as explained above, Littlejohn does not show *actual innocence* to overcome his procedural default.

Finally, Littlejohn's assertion that he "can and will show cause and prejudice at an evidentiary hearing for any determined procedural defaults" (Doc. 7, at 21) is unavailing. Littlejohn is not entitled to an evidentiary hearing. *See Bowling v. Parker*, 344 F.3d 487, 512 (6th Cir. 2003). A court may, in its discretion, grant a petitioner an evidentiary hearing. *Id*. But "[e]ven in a death penalty case, 'bald assertions and conclusory allegations do not provide sufficient ground to warrant requiring the state to respond to discovery or to require an evidentiary hearing.'" *Id*. (quoting *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001)). Here, Littlejohn has only recited "bald assertions and conclusory allegations"—he has not shown that an evidentiary hearing is warranted. *Id*. So to the extent that Littlejohn's statement referencing an evidentiary hearing is sufficient to request one, I deny his request.

**Conclusion**

For the reasons set forth above, I recommend that Littlejohn's Petition be dismissed.

Dated: November 30, 2022

                                      _/s/ James E. Grimes Jr._
                                      James E. Grimes Jr.
                                      U.S. Magistrate Judge

**OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1). Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *See Berkshire v. Beauvais*, 928 F.3d 520, 530-531 (6th Cir. 2019).